UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HERVIN TALLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:16-CV-029 JD |
| | ) |
| ALEJANDRO CAMPOS, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Hervin Talley, a *pro se* prisoner, is again attempting to sue East Chicago Police Officer Alejandro Campos for his actions surrounding Talley's August 5, 2012, arrest. The court is required by 28 U.S.C. § 1915A to review Talley's complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In this case, Talley alleges that on August 5, 2012, Officer Campos staged a "bogus burglary" to justify stopping him without probable cause. (DE 1 at 4.). This is not the first time that Talley has sued Officer Campos based on these same events. In *Talley v. Campos*, 2:15-CV-435 (N.D. Ind. filed Nov. 24, 2015), he alleged Officer Campos violated his Fourth Amendment rights by stopping him without a warrant, probable cause, or reasonable suspicion on August 5, 2012. The court found that this claim was untimely under the applicable two-year statute of limitations and dismissed the case for failure to state a claim. (Cause No. 2:15-CV-435, DE 12.) Judgment was entered on January 4, 2016, and Talley did not appeal.

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction. . . cannot be disputed in a subsequent suit between the same parties or their privies[.]" *Ross v. Bd. of Educ. of Tp. H.S. Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2008) (internal citation and quotation marks omitted). These companion doctrines "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). In Indiana, for *res judicata*, or claim preclusion to apply, the question is whether the following four factors have been met: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now at issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action was between parties to the present suit or their privies." *Kalwitz v. Kalwitz*, 934 N.E.2d 741, 750 (Ind. Ct. App. 2010). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837, 839 (7th Cir. 2015) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

It is quite clear that Talley's most recent claims against Alejandro Campos fit the bill. First, there is no question that the former judgment was rendered by a court of competent jurisdiction. Second, that judgment was rendered on the merits. *See Smith v. Chicago*, 820 F.2d 916 (7th Cir. 1987) (noting that a prior decision to dismiss on grounds of statute of limitations was "on the merits."). Third, all current claims against Campos stem from his investigation into

Talley's 2012 arrest and subsequent prosecution on burglary charges. These claims were or could have been determined in the prior action. Last, the parties in this case are the same as in Talley's previous lawsuit. Accordingly, these claims could have been raised in the previous litigation, to the extent they weren't raised, and they are now barred by *res judicata*.

Re-filing an unsuccessful claim against the same defendant is malicious. *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (it is malicious for a plaintiff with *in forma pauperis* status to file a lawsuit that duplicates allegations of another lawsuit brought by the same plaintiff) and *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of Section 1915A if it is intended to harass the defendant or is otherwise abusive of the judicial process).

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here. No amendment could overcome the bar of *res judicata*.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED.

ENTERED: January 29, 2016

                                                      /s/ JON E. DEGUILIO  
                                                     Judge  
                                                     United States District Court